Citation Nr: 1528184 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 12-15 442 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Togus, Maine


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disability.

2. Entitlement to a total disability rating based upon individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Christopher Loiacono, attorney


ATTORNEY FOR THE BOARD

R. Casadei, Associate Counsel 



INTRODUCTION

The Veteran had active duty service from November 1967 to May 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York. The issues were previously remanded by the Board in November 2014. 

In his substantive appeal, the Veteran requested a hearing before a Veterans Law Judge. The Veteran was informed that his hearing was scheduled for May 2013. The Veteran failed to report for the scheduled hearing, and has not requested rescheduling of the hearing. As such, his hearing request is deemed withdrawn. See 38 C.F.R. § 20.704(d) (2014).

This appeal was processed using the Veterans Benefits Management System (VBMS). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record. In evaluating this case, the Board has also reviewed the "Virtual VA" system to ensure a complete assessment of the evidence.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board remanded the issues on appeal in November 2014 in order to provide the Veteran with a VA psychological examination to determine the nature and etiology of his psychological disorders. The TDIU claim was also found to be inextricably intertwined with the Veteran's service connection claim.

Pursuant to the Board's November 2014 remand directive, the Veteran was scheduled for a VA examination in December 2014; however, he failed to report to the examination. In a February 2015 statement, the Veteran's wife stated that the Veteran was unable to attend because he was not able to be transported from his nursing home to the VA facility. 

An April 2015 VA Form 21-6789 notes that the RO was to verify, by contacting the Veteran's spouse or niece, as to whether the Veteran continued to reside at the nursing home. Thereafter, the Compensation & Pension (C&P) office was to be contacted in order to determine whether they would be able to send an examiner to the nursing home to conduct the VA examination. There is no documentation in the file that any of these actions were undertaken. As such, a remand is warranted to document whether the action was taken, and if so, what was the response. If the action taken cannot be documented, or if the action intended was not undertaken, the RO must fulfill the actions it intended. 

Accordingly, the case is REMANDED for the following actions:

1. Document whether VA attempted to determine whether C&P would be able to send an examiner to the nursing home to conduct the VA examination. 

2. If documentation cannot be produced, undertake the following development:
 
a) Contact the Veteran's representative of record and the Veteran's spouse to inquire as to whether the Veteran continues to reside in a nursing home.

b) If so, contact the C&P office to inquire as to whether an appropriate VA examiner would be able to travel to the Veteran's nursing home and provide the requested VA examination and opinion. All responses by the C&P office shall be associated with VBMS.

c) If the VA examination is able to be performed, comply with the examination request as detailed in the Board's November 2014 Remand. 

3. After completing the above and conducting any other development that may be indicated, the RO should re-adjudicate the Veteran's claims. If any benefits sought remain denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal should be returned to the Board for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).